Death Opinion
















IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,835-01







Ex parte MICHAEL WAYNE NORRIS, Applicant







On Application for a Writ of Habeas Corpus from


Case 69,856-B of the 351st Judicial District Court of


Harris County







 Womack, J., filed a dissenting statement, in which Price and Holcomb, JJ. joined.




 Norris was convicted of capital murder for murdering more than one person during the same
criminal transaction, and he was sentenced to death.

 The evidence showed that the applicant shot and killed a woman and the two-year-old child
she was holding. We affirmed the judgment and sentence. Norris v. State, 902 S.W.2d 428 (Tex. Cr.
App.), cert. denied, 516 U.S. 890 (1995). We found that the evidence was sufficient to prove that
Norris had the specific intent to kill the child. Id., at 436. Alternatively we held that Norris could
have been convicted under the doctrine of transferred intent in Section 6.04(b) of the Penal Code:
"A person is nevertheless criminally responsible for causing a result if the only difference between
what actually occurred and what he desired  is that:  (2) a different person  was injured ."
Id., at 436-38.

 We overruled that alternative holding about transferred intent last year:

 This conclusion is at odds with the Norris Court's recognition that, for capital murder
pursuant to Section 19.03(a)(6)(A) [later renumbered (7)(A): "The person murders more than
one person  during the same criminal transaction"], each death must be intentional or
knowing - there must be a discrete "specific intent to kill" as to each death. A classic
example of proper application of transferred intent is the act of firing at an intended victim
while that person is in a group of other persons. If the intended person is killed, the offense
is murder. If a different person in the group is killed, the offense is murder pursuant to Tex.
Penal Code § 6.04(b)(2): "A person is nevertheless criminally responsible for causing a result
if the only difference between what actually occurred and what he desired, contemplated, or
risked is that: a different person or property was injured, harmed, or otherwise affected."
(Emphasis added.) In either case, there was one intent to kill and one resulting death.

 If both persons are killed, we cannot use transferred intent to charge capital murder
based on the death of the unintended victim, as that would require using a single intent to kill
to support the requirement of two intentional and knowing deaths. Further, while § 6.04
permits the use of transferred intent if a different person i[s] harmed[,] such use is not
authorized if the intended victim is also killed, as that would permit one intent to kill to
support more than one death. This is the fallacy of Norris; it permits the intent to cause one
intentional or knowing death to support two deaths, one intentional and knowing, the other
unintentional. We overrule Norris to the extent that it allows such use. Transferred intent
may be used as to a second death to support a charge of capital murder that alleges the deaths
of more than one individual during the same criminal transaction only if there is proof of
intent to kill the same number of persons who actually died, e.g., with intent to kill both Joe
and Bob, the defendant killed Joe and Lou. It may also be used if, intending to kill both Joe
and Bob and being a bad shot, the defendant killed Mary and Jane.


Roberts v. State, 273 S.W.3d 322, 330-31 (Tex. Cr. App. 2008).

 Therefore it is clear that this court already has considered the issue of the applicant's guilt
and decided that it rests on a jury charge that made an improper application of the capital-murder
statute to the facts of the case. There is no doubt as to the merits on that issue, in my view.

 It also is clear that the legal basis for this claim was not available before we decided in
Roberts to overrule our incorrect decision in this applicant's appeal. Therefore this claim is not
barred by the fact that this is his second application for habeas-corpus relief from the conviction. (An
earlier application is still being considered in the convicting court.)

 The only thing that gives me pause is that this habeas-corpus application does not seek relief
from the verdict of guilt. In this application he specifically seeks relief only from the sentence. His
only ground for relief is, "Applicant is ineligible for a death sentence following this Court's recent
holding in State v. Roberts [sic; surely intended to be Roberts v. State, discussed above]."
Application, at 4. His argument concludes, "Applicant's sentence must be remanded for a new
punishment hearing ." Id., at 9 (emphasis in original). His "Conclusion and Prayer" is "that this
Court will either commute the death sentence or remand for a new punishment proceeding." Id., at
10.

 Of course, the difficulty is that the factual allegations and legal arguments are relevant to the
finding of guilt, not to the sentence or the punishment proceeding.

 Article 11.04 of the Code of Criminal Procedure commands, "Every provision relating to the
writ of habeas corpus shall be most favorably construed to give effect to the remedy, and protect the
rights of the person reeking relief under it." Every Code of Criminal Procedure since 1879 has had
a similar article.

 One of the provisions relating to the writ of habeas corpus is Article 11.14: "The petition
must state substantially: 1. That the person for whose benefit the application is made is illegally
restrained in his liberty ."

 I think that, in this case, the petition does "state substantially" that the applicant is illegally
restrained in his liberty by the judgment of conviction, for the reasons we already have considered
and stated in his favor in the Roberts decision last year. I would look past the defects in his pleadings
and give him the benefit of that decision. I would grant relief from the judgment of guilt and remand
the applicant to the custody of the sheriff for a new trial or other proceedings under the indictment.


Filed November 4, 2009.

Do not publish.